USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/11/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Western Waterproofing Company, Inc.,

Plaintiff,

–v–

Zurich American Insurance Company, *et al.*,

Defendants.

20-cv-3199 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Plaintiff Western previously moved for partial summary judgment against Defendants Zurich and AWAC, seeking a declaratory judgment that they are obligated to defend and indemnity Western in the Underlying Lawsuit, No. 19-cv-6386 (AJN). In an Opinion & Order dated February 3, 2022, the Court denied Western's motions as to both Zurich and AWAC, granted Zurich's and AWAC's cross-motions for partial summary judgment, and granted in part the cross-motion for partial summary judgment filed by the Excess Insurers, Starr and Navigators, insofar as their duties to defend or indemnify Western arise from the Zurich CGL Policy. Opinion & Order at 42–43, Dkt. No. 210.[1] Western has filed two alternative motions that both question the Court's holdings as to the liability of Zurich, Starr, and Navigators. First, Western asks the Court under Local Rule 6.3 to reconsider its holdings. Second, Western requests the certification of an interlocutory appeal to the Second Circuit under 28 U.S.C. § 1292(b). For the reasons that follow, the Court denies both motions.[2]

[1] The Court assumes familiarity with its prior Opinion & Order and uses the terms it has previously defined.

[2] The Excess Insurers' motion to dismiss Gotham and ZDG's cross-claims, which was fully briefed as of April 25, 2022, remains pending. Dkt. No. 194.

## I. Legal standard

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 govern motions for reconsideration. These rules are intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC,* No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (citation and internal quotation marks omitted). "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). An error is clear only if the Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). The decision whether to grant such a motion "rests within the sound discretion of the district court." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal from an

order if it concludes that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (quoting 28 U.S.C. § 1292(b)). The party moving for an interlocutory appeal has the burden of demonstrating that all three elements are met. *Adar Bays, LLC v. Aim Expl., Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018). Certification of an interlocutory appeal is "strongly disfavored," and "is not intended as a vehicle to provide early review of difficult rulings in hard cases." *Id.* (quoting *In re Levine*, No. 94-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004)).

## II. Discussion

Western argues that reconsideration is required because the Court's February 3 Opinion & Order includes two clear errors. First, it argues that the Court should not have granted in part the Excess Insurers' cross-motion for summary judgment because Western had not yet claimed that the Excess Insurers had a duty to defend or indemnify it. Second, Western contends that coverage for the Underlying Lawsuit does not fall within the Employer-Liability Exclusion. If reconsideration is not justified on those grounds, Western continues, the Court should certify both issues for interlocutory appeal under 28 U.S.C. § 1292(b).

### A. The Court did not clearly err

Western's claims of clear error rest on arguments and case law that the Court expressly considered and rejected in its prior opinion. After careful review, the Court finds no error and is not left with the definite and firm conviction that it made a mistake.

#### 1. The Excess Insurers' motion

First, Western argues that partially granting Starr and Navigators's cross-motion for

partial summary judgment was premature because Western had not yet made a claim against them. Western suggests that the Court's holding wholly relied on the absence of Western's objection to the Excess Insurers' intervention. Dkt. No. 222 at 7; Dkt. No. 251 at 8. But Western's argument overlooks (1) that Starr and Navigators intervened as parties because they have a direct financial interest in the outcome of this action not adequately represented by another party; (2) that Starr and Navigators both denied coverage for Western in their answers and Rule 56 permits summary judgment on a defense; and (3) that Western has still not explained its failure to file an amended complaint against Starr and Navigators despite the fact that Western notified them of the Underlying Lawsuit on February 17, 2021, and the Court granted their unopposed motion to intervene on June 23, 2021. Opinion & Order at 16–17. Given these considerations, it was not premature to decide Starr and Navigators' duties arising from the Zurich CGL Policy. Western's case law, which the Court previously addressed, is not to the contrary, as it stands only for "the general proposition that a plaintiff cannot raise new claims in a motion for summary judgment that are not present in the complaint," which is not in dispute here. *Id.* at 17.

To be clear, the Court did not rule on the scope of the Starr Excess Policy or the Navigators Excess Policy. *Contra* Dkt. No. 239 at 6 n.3 (noting Starr's and Navigators's rights to seek summary judgment based on language in their own policies). The Court granted Starr and Navigators's cross-motion for partial summary judgment only insofar as it held that neither had a duty to defend or indemnify Western in the Underlying Action on the basis of coverage provisions in the Zurich CGL Policy. As Western emphasized in support of its motion for an interlocutory appeal, "the issue of whether Zurich is obligated to defend Western will also determine whether Starr, Navigators, and the remaining Intervenor Defendants, are obligated to

defend and indemnify Western in the Underlying Action upon exhaustion of the underlying limits." Dkt. No. 216 at 3 (footnote omitted). By deciding Zurich's liability under the Zurich CGL Policy, the Court necessarily decided the liability of the Excess Insurers under that same policy language. That determination was not premature. The result is no different from what would be dictated by the law-of-the-case doctrine. *See Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964) ("The construction of a contract has long been recognized as the type of issue that is particularly vulnerable to law of the case." (cleaned up)).

The Court denies Western's motion for reconsideration on this basis.

**2. The scope of the Employer-Liability Exclusion**

Western next argues that the Court erred in its construal of the Employer-Liability Exclusion, which it says "does not apply to consequential damages sustained by a third-party." Dkt. No. 222 at 5. But Western has not resolved the basic tension in its position. To claim that the Underlying Lawsuit involved an "occurrence" covered by the Zurich CGL Policy, Western argued, and the Court agreed, that "the Underlying Complaint repeatedly alleges that Gotham and ZDG incurred damages *because of* the bodily injury that Delgado and Jackson suffered." Opinion & Order at 20. The difficulty for Western, however, is that Delgado and Jackson were employees of Western, and the Employer-Liability Exclusion excludes coverage for "bodily injury" to "[a]n 'employee' of the insured arising out of and in the course of . . . [e]mployment by the insured." *Id.* at 23. Because the damages-causing injury was sustained by Western's own employees, it is excluded from the meaning of "bodily injury" for which the Zurich CGL Policy provides coverage.

Western's attempts to alter the Court's conclusion are unavailing. First, Western parses the Employer-Liability Exclusion's penultimate sentence, which states that the "exclusion

applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury." *Id.* at 25. Western reads this to mean that the exclusion applies *only* if Western is obligated to share damages or must reimburse ZDG and Gotham for any damages they owe Delgado and Jackson. Dkt. No. 222 at 6. But the language of this sentence expands the scope of the exclusion rather than narrowing the definition of "bodily injury" in the first clause: It makes clear that it is irrelevant whether or not Western is being held liable as an employer. *Accord* Dkt. No. 251 at 7–8 (collecting cases that suggest the "any other capacity" language encompasses both traditional employer-employee relationships and independent contractors).

Second, Western points the Court back to authorities that explain the purpose of an Employer-Liability Exclusion "is to avoid duplication of an employer's liability and workers' compensation insurance." Dkt. No. 222 at 6 (citing *Shelby Realty LLC v. Nat'l Sur. Corp.*, No. 06-CV-3260 (NRB), 2007 WL 1180651, at *4 (S.D.N.Y. Apr. 11, 2007), and 9A Couch on Insurance § 129:11 (3d ed. 2014)); *see also* Dkt. No. 251 at 4, 7–8.[3] The Court's interpretation is not inconsistent with that purpose. It is reasonable that the Employer-Liability Exclusion would have a different scope than what would be covered by workers' compensation insurance because workers' compensation is addressed in a separate exclusion in the Zurich CGL Policy. Opinion

[3] In its reply briefs in support of this argument, Dkt. Nos. 251, 252, Western cites a number of cases that it cited at no previous point in this litigation. *E.g.*, *Endurance Am. Specialty Ins. Co. v. Century Sur. Co.*, 46 F. Supp. 3d 398 (S.D.N.Y. 2014), *rev'd on other grounds*, 630 F. App'x 6 (2d Cir. 2015); *Kelleher v. Admiral Indem. Co.*, No. 111128/2006, 2010 WL 3293715 (N.Y. Sup. Ct. Jul. 29, 2010). Zurich moved the Court to strike those portions of Western's reply briefs that rely on new case law. Dkt. No. 257. Because Western had the opportunity to cite these cases in at least three prior briefs, the Court grants that request. *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003). In any event, the Court concludes that none of these new cases alter its assessment of the Zurich CGL Policy.

& Order at 27. Moreover, as the Court previously explained, the purpose of an insurance provision does not come into play unless the Court first determines that the provision is ambiguous. *Id.* at 26. Western has not made that threshold showing.

Third, Western notes that no party, nor the Court, has identified on-point case law for its reading of the Employer-Liability Exclusion. Western argues that this absence of guiding authority demonstrates the provision is at least ambiguous and so must be construed in the insured's favor. Dkt. No. 251 at 8. The Court disagrees. Absent binding case law, the Court looks to the plain text of the Employer-Liability Exclusion and continues to conclude that it unambiguously excludes from coverage damages incurred because of bodily injury suffered by an insured's employees. At a minimum, absent contrary case law, the Court is not left with a definite and firm conviction that it made a mistake in construing the Employer-Liability Exclusion. The Court therefore declines reconsideration on this basis.

**B. Certification of an interlocutory appeal is unwarranted**

Because the Court denies Western's request that it reconsiders its Opinion & Order, the Court next addresses Western's alternative request that the Court certify the Opinion & Order for an immediate interlocutory appeal. The Court finds that none of the three requirements under 28 U.S.C. § 1292(b) is met and so also denies this request.

First, the Court finds no substantial ground for difference of opinion. That requirement is met if "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 299 (S.D.N.Y. 2017) (cleaned up). As explained, no party has identified conflicting authority as to the application of the Employer-Liability Exclusion to these facts. It instead appears to be an issue of first impression in the Second Circuit. But for the reasons explained

above, it is not a particularly difficult one. Rather, the Court's holding follows from a straightforward reading of the Employer-Liability Exclusion. *See Murray v. UBS Sec., LLC*, No. 12-CV-5914 (KPF), 2014 WL 1316472, at *6 (S.D.N.Y. Apr. 1, 2014) (finding no substantial ground for difference of opinion where, lacking case law, the provision was clear on its face).

Second, neither issue highlighted by Western in its briefing is a controlling question of law. Whether a question of law is controlling depends on whether "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (quoting *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784 (WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013)). Here, reversal of the Court's holding as to the scope of the Employer-Liability Exclusion would not end this action and the paucity of relevant case law suggests strongly that an interlocutory appeal would have precedential value to few, if any, other cases. To be sure, reversing the Court's construal of the exclusion would alter the course of the case, but that holding rests on the application of settled New York contract and insurance law to the particulars of the Zurich CGL Policy and the allegations in the Underlying Lawsuit. Such an issue is typically inappropriate for interlocutory appeal. *See id.* (explaining that "questions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b)" (cleaned up)). The same is even truer of the Court's holding that Starr and Navigators's motion for partial summary judgment was ripe. Reversing the Court's holding would have negligible effect on this case because the Court would, in any event, construe the scope of the Zurich CGL Policy and the Excess Insurers would remain parties to the action.

Third, Western has not shown how an interlocutory appeal would materially advance the resolution of this litigation. Still before the Court are Western's coverage claims against Allied Specialty, Western's claims against Gotham and ZDG, Gotham and ZDG's cross-claims against the Excess Insurers, and Gotham and ZDG's counterclaims against Western. None of these disputes turns on the scope of the Zurich CGL Policy's Employer-Liability Exclusion and Western's appeal of that issue would not expedite the resolution of any outstanding dispute. And as Western admits, reversing the Court's ruling as to Starr and Navigators would only forestall the determination of their liability as Western would then file an amended complaint and seek a declaration of their liability based on already-interpreted insurance policy language.

Accordingly, the Court will not certify its Opinion & Order for an interlocutory appeal.

## III. Conclusion

For the foregoing reasons, the Court DENIES Western's motion for certification of an interlocutory appeal, DENIES Western's motion for reconsideration, and GRANTS Zurich's motion to strike portions of Western's reply briefs. The parties shall jointly submit a proposed case management plan within two weeks of the date of this order. *See* Dkt. No. 224.

This resolves docket numbers 215 and 221.

SO ORDERED.

Dated: May 11, 2022
New York, New York

ALISON J. NATHAN
United States Circuit Judge
Sitting by designation