

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESTERN WATERPROOFING COMPANY, INC.,

        Plaintiffs,

-against-

ZURICH AMERICAN INSURANCE COMPANY, et al.,

        Defendants.

20-CV-3199 (CM) (BCM)

**ORDER**

**Barbara Moses, United States Magistrate Judge.**

On February 18, 2022, the Honorable Alison J. Nathan, United States District Judge, directed the parties to submit a proposed Case Management Plan (CMP) two weeks after the Court resolved Western Waterproofing's then-pending motion for an interlocutory appeal. (Dkt. No. 224.) She then referred the case to me for general pretrial management. (Dkt. No. 227.) On May 11, 2022, Judge Nathan (by that time a United States Circuit Judge sitting by designation) denied the motion for an interlocutory appeal (Dkt. No. 262), which would have made the CMP due yesterday. However, on May 23, 2022, the case was reassigned to the Honorable Colleen McMahon, United States District Judge. At present, the general pretrial management referral remains in place.

By letter dated May 23, 2022 (Dkt. No. 263), the Excess Insurers seek an extension of the parties' time to file a CMP (i) until two weeks after Judge McMahon decides their pending motion to dismiss the cross-claims of BDG Gotham and ZDG (Dkt. No. 194) or (ii) for 21 days. In its responding letter (Dkt. No. 264), Western Waterproofing asks for a one-week extension. Having considered the parties' positions, it is hereby ORDERED that they shall submit a **<u>joint Pre-Conference Statement, in accordance with the individual practices of the undersigned magistrate judge</u>**, no later than **June 15, 2022**. The joint Pre-Conference Statement, which will

constitute the written report required by Fed. R. Civ. P. 26(f)(2), must contain the following information:

1. A concise statement of the nature of the case and the issues as they appear on the date of the Statement, including any issues as to jurisdiction or venue and any pending or anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c).

2. A proposed deadline for joining additional parties, amending the pleadings, or moving for leave to do so.

3. A proposed discovery schedule including:

    a. A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A), or the date on which such disclosures were accomplished;

    b. Dates for the *service* of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3);

    c. A date by which all fact depositions will be completed, including the names (if known) or descriptions of persons expected to be deposed;

    d. A date for the close of all fact discovery;

    e. Dates by which each party's expert report(s) or other expert disclosure, and any responding reports, will be supplied to the adversary;

    f. A date for the close of all discovery, including expert depositions.

4. Any proposed limitations to be placed on discovery, including protective or confidentiality orders. The parties may (but are not required to) use the Model Protective Order found on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

5. Any anticipated discovery issues that may warrant early attention from the Court (including ESI protocols, litigation holds, and other issues relating to the preservation, retrieval and/or production of electronically stored information).

6. A date, approximately 30 days prior to the close of fact discovery, for a status conference with the Court.

7. When the case should be (a) referred to mediation or (b) scheduled for a settlement conference with the Court.

8. A date for the filing of pre-motion conference requests regarding summary judgment.

9. The anticipated length of trial and whether a jury has been requested.

10. Whether the parties wish to consent to trial before the designated magistrate judge.

To the extent the parties are in disagreement concerning any portion of the Pre-Conference Statement, they may submit separate proposals as to such portion, *without argument*.

After review of the Statement, the Court will either issue an Initial Case Management Order or schedule an initial case management conference, which each party's lead trial counsel is expected to attend.

Dated: New York, New York
      May 26, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**